UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANNE MILANES,

       Plaintiff,

vs.                               Case No. 3:07-cv-425-J-HTS

MICHAEL ASTRUE,
Commissioner of
Social Security,

       Defendant.

_____


## OPINION AND ORDER[1]

### I.  Status

Anne M. Milanes is appealing the Social Security Administration's denial of her claim for Disability Insurance Benefits.  Her alleged inability to work is based on "[r]ight arm and shoulder pain[.]"  Transcript of Administrative Proceedings (Tr.) at 84.  Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) Robert Droker in a Decision entered on September 11, 2006.  *Id.* at 14, 19.  Ms. Milanes has exhausted the available administrative remedies and the case is properly before the Court.  Plaintiff raises two issues on appeal.  First,

---

[1]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #13).

she contends the judge erred with regard to his residual functional capacity (RFC) finding.  *See* Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #10; Memorandum) at 1, 10-17.  Second, Claimant asserts the ALJ improperly evaluated her testimony.  *Id.* at 1, 17-21.

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by 'substantial evidence[.]'"  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)); *see also Ingram*, 496 F.3d at 1260.  Despite the existence of support in the

---

[2]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## III. Discussion

### A. RFC

According to Plaintiff, the ALJ erred "[i]n determining [her] ultimate RFC . . . when he (1) failed to address [all of her] medically determinable impairments . . . and (2) failed to consider all of the evidence that addressed her functional limitations." Memorandum at 10.

An individual's impairments, including any related symptoms, such as pain, "may [result in] physical and mental limitations that affect what [one] can do in a work setting."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  RFC is defined in the regulations as what an individual "can still do despite [his or her] limitations." *Id.*  It can include descriptions of limitations apart from those observed in the diagnosis and treatment of a medical condition. *See id.* §§ 404.1545(a)(3), 416.945(a)(3). Thus, "observations of [a claimant's] limitations from [his or her] impairments . . . provided by [the claimant, his or her] family,

neighbors, friends, or other persons" will be considered. *Id.* This assessment is not to be equated with the ultimate decision on disability, but is merely an interim evaluation considered along with other factors in making the disability decision. *See id.* §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). An individual's limitations may be exertional, nonexertional, or both. *Id.* §§ 404.1569a(a), 416.969a(a).

The regulations provide that decisions regarding an individual's RFC are made solely by the Commissioner. *See id.* §§ 404.1546, 416.946. According to Social Security Ruling (SSR) 96-8p, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"

The judge expressed his RFC determination as follows.

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She is able to sit for about 6 hours in an 8-hour workday and she is able to stand and/or walk for about 6 hours in an 8-hour workday. She should avoid unprotected heights and dangerous moving machinery. She should not lift more than 10 pounds or operate push/pull controls using her right arm.

Tr. at 17 (emphasis omitted).

Claimant argues "the ALJ erred in determining that [her] carpal tunnel syndrome and brachial plexopathy, and resulting symptoms and limitations, did not impair her ability to perform

- 4 -

work activities and consequently, had no impact upon her RFC." Memorandum at 11.[3]   The judge acknowledged "right shoulder pain" as well as "a history of non-severe left shoulder pain" and "right carpal tunnel syndrome[.]"   Tr. at 16-17 (emphasis omitted).   He found she "should be limited to [lifting and carrying] 10 pounds with the right arm because of her severe right shoulder impairment." *Id.* at 17.   While it is true the judge did not "note that she has also been diagnosed with brachial plexopathy[,]" Memorandum at 11, or deem her carpal tunnel syndrome to be severe, Plaintiff fails to indicate how the medical evidence establishes limitations associated with these diagnoses beyond those reflected in the Decision's RFC finding.   *Cf. id.* at 12 (citing only Claimant's own testimony to support the existence of additional functional limitations).   A "mere diagnosis . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam); *see also Scull v. Apfel*, 221 F.3d 1352, No. 99-7106, 2000 WL 1028250, at *1 (10th Cir. 2000) (Table) ("[D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition[.]");

---

[3]      To the extent it is also claimed "[l]egal error was . . . committed when the ALJ failed to find that Ms. Milanes' brachial plexopathy and carpal tunnel syndrome were severe impairments at Step Two of the sequential evaluation process[,]" *id.* at 13, this would not provide an independent basis for remand. At step two an individual must merely "prove that she has a severe impairment or combination of impairments." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).   This "is all that is required at step two." *Council v. Comm'r of Soc. Sec.*, 127 F. App'x 473, No. 04-13128, slip op. at 4 (11th Cir. 2004) (Table) (per curiam).   Since the ALJ proceeded to step three of the sequential analysis, he will not be faulted for omitting conditions at the second step.

*Jenkins v. Astrue*, Civil Action No. 06-0987, 2008 WL 109104, at *3
(E.D. Pa. Jan. 8, 2008) ("Mere diagnosis of a condition . . . does
not establish severity.").

Ms. Milanes next complains that, despite affording great
weight to Dr. John T. Bonner's assessment, *see* Tr. at 18, the judge
"failed to state why he ignored the fact [this physician] opined to
additional limitations . . . not included in [the] RFC" finding.
Memorandum at 14.  Claimant is referring to the "determin[ation]
that [she] was limited in her ability to perform the manipulative
activity of fingering in both upper extremities as well as being
limited in typing, twisting or torquing with her upper
extremities[.]"  *Id.* (capitalization omitted); *cf*. Tr. at 185.  As
Plaintiff admits, this nonexamining doctor "did not state to what
degree she was in fact 'limited[.]'"  Memorandum at 14.
Additionally, the source provided a rather generic response
("neurogenic pain") when instructed to "explain how and why the
evidence supports [his] conclusions" and "[c]ite the specific facts
upon which [they] are based."  Tr. at 185.  Thus, although the
judge found no fingering or related limitations, the instant
oversight might not independently require remand.  Yet, as this
case must be sent back on other grounds, the ALJ will be asked to
reconsider whether Ms. Milanes is restricted in her capacity for
fine manipulation.

Another set of "opinions . . . given great weight" by the ALJ comes from Brooks Rehab Network (Brooks). *Id.* at 18. Plaintiff maintains the Brooks documentation supports several limitations that were ignored by the judge. Memorandum at 15. Indeed, the referenced report opines Claimant is only "able to carry 10 lbs occasionally[,]" Tr. at 261, in contrast to the ability to carry that weight frequently, and twenty pounds occasionally, found by the judge. Further, the Brooks evaluation noted Plaintiff's "increased pain suggests that computer activity is limited" and "her ability to maintain full time work without modifications may be affected." *Id.* Despite relying upon the report and giving it "great weight[,]" *id.* at 18, the ALJ failed to discuss its potential inconsistency with his own RFC assessment.

The Commissioner asserts that, "even if the ALJ incorrectly described Plaintiff's functional limitations, inaccurately described her right arm impairments, and improperly discounted her allegations of right arm disability, the errors were harmless" since "a one-armed individual is still capable of working." Memorandum in Support of the Commissioner's Decision (Doc. #14; Opposition) at 9-10. This contention is unpersuasive. Assuming, arguendo, that a claimant whose only limitation involves the use of one arm is by definition not disabled, such an observation would be irrelevant here where even the ALJ seems to have found Plaintiff's condition transcended functional problems with a single arm. She

- 7 -

suffers from severe "shoulder pain[,]" Tr. at 16 (emphasis omitted), a potentially nonexertional impairment. *Cf., e.g., id.* at 290 (describing pain on waking, not just with exertion).

Defendant cites *Jones v. Shalala*, 10 F.3d 522 (7th Cir. 1993), for the proposition "claimants with use of only one arm are not automatically entitled to disability benefits, even if the impaired arm is accompanied by pain[.]" Opposition at 8. However, the individual in that case had "made no suggestion that pain . . . would interfere with his ability to work[ and h]is complaints of pain were minimal." *Jones*, 10 F.3d at 525. Moreover, Ms. Milanes was found to be restricted to light lifting and carrying activities; able to sit, stand and/or walk for a total of six hours during an eight-hour workday; and in need of "avoid[ing] unprotected heights and dangerous moving machinery." Tr. at 17 (emphasis omitted). This is in contrast to the claimant in *Jones*, who was deemed unlimited in his "ability to walk or stand for prolonged periods or lift or carry with his left arm[.]" *Jones*, 10 F.3d at 524. Finally, that court did not find the ALJ's RFC analysis was in any way deficient.

Whereas the Court agrees Claimant has not demonstrated (and in fact does not argue) she is "automatically entitled to disability benefits," Opposition at 8, to the extent the judge ought to have considered whether additional restrictions are present, this case will be remanded.

### B.  Pain/Testimony

Claimant argues the judge improperly evaluated her testimony, including her pain complaints, in that his "recitation of [her] testimony . . . was incomplete and inaccurate.  Further, he makes no mention at all of testimony that clearly supports Ms. Milanes' theory of disability and would result in a favorable decision." Memorandum at 18.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]"  20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam).  The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if []he finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated).  "A claimant's subjective testimony supported by medical evidence that satisfies the pain

standard is itself sufficient to support a finding of disability."
*Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ
may reject them as not creditable, and that determination will be
reviewed for substantial evidence.  If the ALJ refused to credit
subjective pain testimony where such testimony is critical, he must
articulate specific reasons for questioning the claimant's
credibility."  *Marbury*, 957 F.2d at 839 (citation omitted).
"Failure to articulate the reasons for discrediting subjective
[pain] testimony requires, as a matter of law, that the testimony
be accepted as true."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225
(11th Cir. 2002) (per curiam).

While he found "the claimant's medically determinable
impairment could reasonably be expected to produce the alleged
symptoms," the judge determined her "statements concerning the
intensity, persistence and limiting effects of these symptoms are
not entirely credible."  Tr. at 18.  To support his determination
of nondisability and his partial rejection of Ms. Milanes'
testimony, the ALJ relied in part on her activities of daily
living.  He asserted

> [t]he claimant testified as follows: she is able to do
> light housework.  She can load the dishwasher and do
> laundry.  She is also able to cook.  She spends time
> reading, listening to music and she continues to use the
> computer.  She goes walking often, she grocery shops and
> is able to lift light grocery bags.  She visits with

- 10 -

> friends and family and gets along well with them.  She
> drives every[ ]day and even drove herself to the hearing.
> She currently works part-time.

*Id.*  Plaintiff contends, in the abstract, "the ability to perform those tasks outlined by the ALJ does not support a determination that [she] could work on a full time basis."  Memorandum at 19. However, "most importantly, in his recitation of [her] testimony, the ALJ fails to reveal the 'complete picture' regarding the testimony he relied upon."  *Id.*

It is determined the judge was indeed overly optimistic with his remarks as to daily activities.  Concerning her performance of light housework, Plaintiff correctly notes, *see id.* at 20, that she described the tasks as "[v]ery light[,]" and stated she can neither vacuum, wipe, sweep, nor scrub.  Tr. at 284.  She also testified her "daughter helps . . . a lot[.]"  *Id.*  In addition, Claimant accurately points to her testimony that "she can only do small loads of laundry, when cooking she cannot stir batter or beat an egg, and she has difficulty reading [due to problems] holding on to a newspaper[.]"  Memorandum at 20; *cf*. Tr. at 285.  Whereas the judge cited computer usage as a factor weighing against disability, Claimant suggested she has significant difficulty with the activity.  *See*, *e.g.*, Tr. at 286 ("The computer is my problem now."), 290 (asserting an ability to work only part-time due to problems writing and using the computer).  Finally, although the

judge remarked Ms. Milanes "goes walking often," *id.* at 18, the Court's review of the hearing testimony fails to reveal a sufficient basis for the statement.  She admitted that she likes walking, *see id.* at 287, yet she was not asked how frequently she engages therein, and in describing her inability to handle large loads of laundry she explained doing small loads requires "a lot more walking."  *Id.* at 285.  These declarations, of course, do not fully bear out the ALJ's allegation.

As suggested by Plaintiff, *see* Memorandum at 20, certain portions of her testimony not mentioned by the judge are potentially relevant to an evaluation of her daily living activities.  For instance, she began describing how she "used to love [her] gardening . . . [b]ut--" and at that point the ALJ asked another question, never to return to this particular subject.  Tr. at 287-88.  She also explained she had difficulty "getting dressed and washing [her] hair and drying [her] hair[.]"  *Id.* at 288.

Besides the Decision's inaccurate characterization thereof, it is observed Plaintiff's limited daily activities do not appear inconsistent with her contention she is unable to work on a full-time basis.  "The Eleventh Circuit has rejected the idea that 'participation in everyday activities with short duration, such as housework or fishing, disqualifies a claimant from disability . . . .'"  *White v. Barnhart*, 340 F. Supp. 2d 1283, 1286 n.8 (N.D.

Ala. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)) (also stating, at 1286, that daily activities such as taking care of personal hygiene, cooking, housework, and occasional driving did not show the plaintiff could work).

Accordingly, the reasons set out by the ALJ for discounting Plaintiff's pain complaints were insufficient.  On remand, if Claimant's complaints of pain are again to be rejected, the reasons therefore must be supported by substantial evidence.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision with instructions to 1) reevaluate Plaintiff's residual functional capacity; 2) reconsider Claimant's subjective complains and, if they are again rejected, set forth a rationale supported by substantial evidence; and 3) conduct any further proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2008.

/s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
        and pro se parties, if any